UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P92-S

**CEDRIC A. GRADY**                                                                                    **PLAINTIFF**

**v.**

**JEFFERSON COUNTY PUBLIC DEFENDERS OFFICE** *et al.*                 **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action in its entirety.

## I. SUMMARY OF CLAIMS

Plaintiff Cedric A. Grady, a pretrial detainee, currently held at Louisville Metro Corrections, has filed an amended complaint pursuant to 42 U.S.C. § 1983 against the Jefferson County Public Defenders Office and Public Defenders Daniel T. Goyette, Pattie Echiner, and Charles Gray. He is seeking money damages in the amount of one million dollars. Plaintiff states that he is being represented by the Public Defenders Office for the purposes of his criminal action in state court. He states that Defendant Gray, his public defender, has failed in his responsibility to adequately represent Plaintiff. He goes on to detail various mistakes he believes that Defendant Gray has made in the course of his representation of Plaintiff. These include seeking to have Plaintiff mentally evaluated, sabotaging his defense, waiving his right to a "Rule 3.18 hearing," failing to file motions, failing to adequately investigate witnesses, allowing communication to break down, causing delays, insisting that Plaintiff plea, and making comments that Plaintiff "found to be deplorable and unprofessional." Defendants Goyette and

Echiner are not mentioned in the body of Plaintiff's complaint. However, they are apparently being sued because they are Defendant Gray's supervisors.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     Claims Against the Public Defenders Office**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Public Defenders Office "is an agency of the executive branch of the state government." *See Ex parte Farley*, 570 S.W.2d 617, 620 (Ky. 1978). A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Public Defenders Office is not a "person" under the Act, the Court will dismiss the claims against it for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the Public Defenders Office. A state and its agencies, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, this Defendant is also immune from suit.

**B.     Claims Against Defendant Gray**

Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff's claims against Defendant Gray will be dismissed for failure to state a claim.

**C.     Claims Against Defendants Goyette and Echiner**

In the present case, Plaintiff's complaint is completely void of any allegations of a deprivation by these Defendants. It is also void of any causal connection between these Defendants and any wrongdoing. Plaintiff's complaint does identify these Defendants as

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4

Executive Director and Supervisor, respectively. Assuming that these Defendants have supervisory roles over Defendant Gray is to no avail to Plaintiff. The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. To find a supervisor liable, the Plaintiff must allege that the supervisor authorized, approved of, or knowingly acquiesced in the alleged misconduct. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996). Because Plaintiff has failed to allege that these Defendants were in any way personally involved in his case, Plaintiff fails to state a claim against them.

For the reasons set forth above, Plaintiff's amended complaint will be dismissed in its entirety. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4411.008